IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIK HENDERSON, ET AL., | § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:14-cv-505-M-BN |
| FENWICK PROTECTIVE INC., ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

United States District Judge Barbara M. G. Lynn has referred this case to the undersigned United States magistrate judge for pretrial management. *See* Dkt. No. 16. Based on the record now before the Court, and for the reasons explained below, the Court should order that Defendant Robert Fenwick is in default, strike his answer, and order Plaintiffs to move for default judgment against Mr. Fenwick.

**Background**

In a March 23, 2015 Order, Judge Lynn ordered that Steven E. Clark is no longer counsel for Defendants Robert Fenwick and Fenwick Protective Inc. *See* Dkt. No. 15. In that order, Judge Lynn noted "that Mr. Clark's recent attempts to reach Defendants have been futile because Defendants have not kept their counsel nor the Court informed as to their address, and Defendants have apparently not received Mr. Clark's correspondence regarding withdrawing." *Id.* at 1.

In his March 11, 2015 Motion to Withdraw as Defense Counsel, Mr. Clark explained:

> Clark is currently unpaid for $1330.00 in legal services, of which $970.00 dates back to August, 2014. Clark has requested Defendants to make payment on the account, but there has been [no] response or payment by Defendants.
>
> Additionally, Clark has tried to communicate with Defendants over the past several months with no success. The business phone has been disconnected. Robert Fenwick has not responded to email requests to update his contact information and to contact Clark about the case and payment. Plaintiff's counsel served discovery requests to Defendants in February which Clark forwarded by email to Defendants and requested they confirm receipt and prepare draft responses since the responses are due on March 16th. Defendants have not confirmed receipt or made any effort to answer these discovery requests.

Dkt. No. 14 at 1-2. In that motion, Mr. Clark also provided the last-known mailing address for Defendants as 612 N. Story Rd., Suite 102, Irving, Texas 75061. *See id.* at 2. He further reported that he "sent a letter on March 4th 2015, by regular and certified mail to his client, Robert Fenwick, President of Fenwick Protective Inc. at his business address, 612 N. Story Rd., Suite 102, Irving, Texas 75061, advising him that he intended to withdraw as counsel based on lack of communication, cooperation and nonpayment, and to immediately take steps to retain new counsel" and that "Mr. Fenwick has not responded to this letter." *Id.*

Since the time of Mr. Clark's withdrawal, all of the copies of the orders mailed to the only address that the Court has available for Defendants (612 N. Story Rd., Suite 102, Irving, Texas 75061) have been have been returned as undeliverable. *See* Dkt. Nos. 19, 20, 21, 22, 23, 25, 26, 28, 32, 34, 38, 39, 40, 42, & 43. That mailing

address is the only means that the Court has been provided to communicate with Defendants Robert Fenwick and Fenwick Protective Inc.

Judge Lynn also accepted the undersigned's recommendation that, because Defendant Fenwick Protective Inc. has failed to obtain legal counsel and cause the new counsel to enter an appearance in this case by the Court's April 23, 2015 deadline, the Court order that Defendant Fenwick Protective Inc. is in default; direct the Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), to enter default against Defendant Fenwick Protective Inc.; that Defendants' Original Answer to Plaintiffs' First Amended Complaint Answer [Dkt. No. 7] be stricken as to Defendant Fenwick Protective Inc. only; and order that Plaintiffs move, by no later than a date 30 days from the date of entry of any order adopting this recommendation, for default judgment against Defendant Fenwick Protective Inc. for failure to appear by and through counsel. *See* Dkt. No. 24; Dkt. No. 26; *see also* Dkt. No. 27 (Clerk's entry of default against Defendant Fenwick Protective Inc.). The Clerk has entered default against Defendant Fenwick Protective Inc. after Judge Lynn struck its answer, and Plaintiffs' motion for default judgment was filed on June 23, 2015. *See* Dkt. Nos. 27 & 30.

As far the Court can determine, this case has stalled because of the Court's and Plaintiffs' counsel's inability to communicate with Defendant Robert Fenwick as well as Defendant Fenwick Protective Inc.'s failure to retain substitute counsel.

On June 19, 2015, the Court ordered Plaintiffs to file a status report by June 29, 2015, reporting to the Court the current status and progress of this case, including a detailed explanation of Plaintiffs' counsel's efforts to contact and communicate with

Defendants Robert Fenwick and Fenwick Protective Inc. since the time of Mr. Clark's withdrawal as Defendant's counsel and of Defendants' responses, if any, to the outstanding discovery requests that Mr. Clark discussed in his motion to withdraw. Plaintiffs filed their status report on June 25, 2015, reporting as follows:

> Defendants have to this day failed to respond to the discovery requests Plaintiffs have propounded upon Defendants.
>
> Plaintiffs' counsel has attempted to locate Defendant Robert Fenwick through the Texas Department of Public Safety's private security database, and recently learned that Mr. Fenwick may have attempted to start a new security company, called RDES Security, but it appears that this business has been abandoned, as per the latest information on the Texas Department of Public Safety's website. Further searches on this database have not provided Plaintiffs' counsel with any information of substance.
>
> Finally, having recently performed a Westlaw search on Mr. Fenwick, it appears that he may be residing at 118 Senter Valley Road, Irving Texas 75060. The undersigned is currently attempting to determine if Mr. Fenwick does indeed reside at this address.

Dkt. No. 31 at 1.

On June 29, 2015, the Court entered the following electronic order: "After reviewing Plaintiffs' June 23, 2015 Status Report 31 , the Court hereby ORDERS Plaintiffs to file a second status report by July 6, 2015, reporting to the Court on Plaintiffs' counsel's further efforts to contact and communicate with Defendants Robert Fenwick and Fenwick Protective Inc." Dkt. No. 33. On July 6, 2015, Plaintiffs filed their First Amended Status Report, reporting as follows:

> Having recently performed a Westlaw search on Mr. Fenwick, it appeared that Mr. Fenwick may have been residing at 118 Senter Valley Road, Irving Texas 75060.

> As such, Plaintiffs' counsel noticed Defendant Robert Fenwick for his deposition and had a process server attempt to hand deliver Mr. Fenwick's deposition notice to him on June 30, 2015, at the 118 Senter Valley Road, Irving Texas 75060 address.
>
> On June 30, 2015, at 4:30 p.m., the process server, Mr. Jason Whiddon, employed by Statewide Civil Process of Austin Texas, was unable to effectuate service of the deposition notice because, as he noted, the house was vacant and for sale. Mr. Whiddon also stated that he verified the vacancy with the next door neighbor as well as through a visual inspection of the dwelling. Attached hereto as Exhibit A is Mr. Whiddon's affidavit.
>
> A search of the Dallas County Appraisal District website shows that Mr. Fenwick owns the house at 118 Senter Valley Road, Irving Texas.
>
> At this point in time, Plaintiffs' counsel has no idea where Mr. Fenwick may be residing or how to contact him.

Dkt. No. 35 at 1. On July 7, 2015, Plaintiffs filed a Second Amended Status Report, reporting as follows:

> In addition to providing Mr. Fenwick copies of the First Amended Status Report filed yesterday, July 6, 2015, Plaintiff's counsel also noticed Mr. Fenwick's deposition to occur this Friday, July 10, 2015 at the offices of Plaintiffs' counsel.
>
> Both documents were sent to Mr. Fenwick via regular mail and certified mail, and both documents were sent to the 118 Senter Valley Road, Irving Texas 75060 address and the 612 N. Story Road, Suite 102, Irving, Texas 75061 address. A true and correct copy of the letter as well as the attachments sent to Mr. Fenwick yesterday are attached hereto as Exhibit A.

Dkt. No. 37 at 1.

On July 16, 2015, the Court entered the following electronic order: "After reviewing Plaintiffs' status reports [Dkt. Nos. 31, 35, & 37], the Court hereby ORDERS Plaintiffs to file a third status report by July 30, 2015, reporting to the Court on

Plaintiffs' counsel's further efforts to contact and communicate with Defendants Robert Fenwick and Fenwick Protective Inc. and the results of Plaintiffs' noticing Defendant Robert Fenwick for deposition." Dkt. No. 41. On July 30, 2015, Plaintiffs filed their third supplemental Status Report, reporting as follows:

> Since filing the last status report with the court, Plaintiffs' counsel has been unable to locate or otherwise determine any viable means of communication with Defendant Robert Fenwick. Plaintiffs' counsel has exhausted every reasonably available resource to search for Defendant.
>
> Plaintiffs' counsel has located and called every phone number, both landline and cellular, listed under the name of Robert Fenwick matching or close to Mr. Fenwick's date of birth. Numerous voicemails were left for any of those numbers that were still in use, without a single response.
>
> Furthermore Defendant Fenwick failed to appear for his deposition scheduled for Friday, July 10, 2015 at the offices of Plaintiffs' counsel. The last known address for Defendant Fenwick is currently vacant. No forwarding address was listed.

Dkt. No. 44 at 1.

## Legal Standards and Analysis

The Court has broad discretion in formulating sanctions for a violation of its scheduling or pretrial orders. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). Under Federal Rule of Civil Procedure 16(f), the Court may, *sua sponte*, issue sanctions, including those authorized under Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii), if a party fails to comply with a pretrial order. *See* FED. R. CIV. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: ... (C) fails to obey a scheduling or other pretrial order."). Rule 37(b)(2)(A), in turn, provides: "If a party or

a party's officer, director, or managing agent – or a witness designated under [Federal Rule of Civil Procedure] 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under [Federal Rule of Civil Procedure] 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." But, when considering sanctions under Rule 16(f), the Court should fashion remedies suited to the misconduct and should consider whether lesser sanctions, short of contempt, dismissal, or a default judgment, may prove effective. *See, e.g., Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). Under Rule 16(f), the extreme sanction of a default judgment requires "a clear record of delay or contumacious conduct by the" party to be sanctioned. *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir. 1997).

Rule 37(b)(2) likewise provides that "[i]f a party ... fails to obey an order to provide or permit discovery," the district court has authority to "strik[e] out pleadings ... or render[ ] a judgment by default." Fed. R. Civ. P. 37(b)(2)(C). And the United

States Court of Appeals for the Fifth Circuit has explained that "an order is not always a prerequisite to the imposition of sanctions" and that "[c]ourts have held that rule 37(b) sanctions can be imposed even without an existing order to compel," where, "[a]lthough a motion to compel usually precedes the imposition of Rule 37(b) sanctions, a formal motion is not always necessary" and, where, "[i]n general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (internal quotation marks omitted). When the Court awards default judgment as a discovery sanction, two criteria must be met. *See Smith v. Smith,* 145 F.3d 335, 344 (5th Cir. 1998). First, the penalized party's discovery violation must be willful. *See id.* Second, the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. *See id.*. The Court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial and whether the client was blameless in the violation. *See Plasticsource Workers Comm. v. Coburn*, 283 F. App'x 181, 184 (5th Cir. 2008).

Defendant Robert Fenwick cannot be found and apparently does not wish to be found to engage in discovery in and defend this lawsuit against him. His counsel successfully sought to withdraw because Defendants would not keep him informed as to their address or communicate with him. Mr. Fenwick then failed to secure counsel for Defendant Fenwick Protective Inc. as the Court's order required.

The Court and Plaintiffs have no choice but to rely on the only means of communicating with Mr. Fenwick, who is proceeding *pro se*, available to them. Further, the record reflects that Plaintiffs' counsel has gone to considerable efforts to attempt to locate Defendant and communicate with him. Yet Mr. Fenwick has not made himself available to participate in the case and has not answered discovery requests that his outgoing counsel sought to provide to him for his responses and has apparently evaded service of notice for his deposition.

As a now-*pro se* defendant, Mr. Fenwick has no one but himself to blame for his lack of participation and failure to respond to discovery and to communicate with, or make current contact information available to, the Court and Plaintiffs. Plaintiffs have provided Mr. Fenwick with notice of their discovery requests and deposition notice by the means available to them, and the undersigned concludes that those efforts must be considered adequate notice under the circumstances.

The undersigned finds, under all of the circumstances, that Mr. Fenwick's non-compliance with Plaintiffs' discovery requests as well as his failure to comply with the deposition notice were willful and the result of bad faith and that there is nothing before the Court to suggest that Mr. Fenwick's non-compliance results from mistake or inadvertence. *See Smith,* 145 F.3d at 344 ("In making it's 'bad faith' determination, the district court was entitled to rely on its complete understanding of the parties' motivations."). The undersigned also finds that Mr. Fenwick's failure to respond to Plaintiffs' discovery requests prejudices Plaintiffs' preparation of this case for trial.

The undersigned has considered alternate sanctions. But the undersigned finds that lesser sanctions at this stage of the proceedings would not serve the interests of justice or advance the disposition of this action on the merits. Monetary sanctions or other lesser sanctions cannot reasonably be expected to have any deterrent effect on a defendant who has simply decided to make himself scarce rather than face a lawsuit.

For all of these reasons, the undersigned concludes that Defendant Robert Fenwick's failure to engage in discovery and respond to discovery requests – which, with his failure to make himself available to communicate with the Court and Plaintiffs and engage in this case, have the effect of stalling this case's progress – cannot be allowed to continue unabated without consequences and that, under Rule 37(b), the extreme sanction of striking Defendant's answer and entering a default and thereafter default judgment is warranted.

**Recommendation**

The undersigned recommends that the Court

(1) order that Defendant Robert Fenwick is in default;

(2) direct the Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), to enter default against Defendant Robert Fenwick;

(3) order that Defendants' Original Answer to Plaintiffs' First Amended Complaint Answer [Dkt. No. 7] be stricken as to Defendant Robert Fenwick; and

(4) order that Plaintiffs move, by no later than a date 30 days from the date of entry of any order adopting this recommendation, for default judgment against Defendant Robert Fenwick.

The Clerk of Court is DIRECTED to serve a copy of these Findings, Conclusions, and Recommendation of the United States Magistrate Judge on Defendant Robert Fenwick via certified mail, return receipt requested, at 612 N. Story Road, Suite 102, Irving, TX 75061.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 10, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE