IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIK HENDERSON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:14-cv-505-M-BN |
| | § | |
| FENWICK PROTECTIVE INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiffs Erik Henderson and Matthew LaRue filed Motions for Default Judgment (the "Motions") against Defendants Fenwick Protective Inc. and Robert Fenwick ("Defendants"). *See* Dkt. Nos. 30 & 55. United States District Judge Barbara M. G. Lynn has referred this case to the undersigned United States magistrate judge for pretrial management. *See* Dkt. No. 16. Plaintiffs' Motions for Default Judgment against Defendants Fenwick Protective Inc. ("FPI") and Robert Fenwick ("Fenwick") be granted.

**Background**

Plaintiffs sued Defendants to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. §216(b) (the "FLSA"). *See* Dkt. No. 6 at ¶¶ 1, 14, 18. Henderson filed suit on February 10, 2014. *See* Dkt. No. 1. Henderson amended his complaint to add LaRue's allegations on April 1, 2014. *See* Dkt. No. 6. Plaintiffs allege that the Court has jurisdiction over

this action, pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. §216(b) and that Defendants are Texas citizens. *See id.* at ¶¶ 3-5.

Plaintiffs allege that they were employed by FPI, an enterprise engaged in interstate commerce. *See id.* at ¶¶ 6, 9. According to Plaintiffs, Fenwick acted directly or indirectly in the interest of FPI in relation to their employment and was substantially in control of the terms and conditions of their work. *See id.* at ¶ 4. Henderson worked for Defendants from May 2010 through October 21, 2012 as a security guard, and LaRue worked for Defendants from 2006 through February 2013 as a security guard supervisor. *See id.* at ¶ 9. Plaintiffs allege that, "[a]t all times pertinent to this Complaint, Defendant Fenwick Protective, Inc. was an enterprise engaged in interstate commerce"; "Defendant Fenwick Protective, Inc. regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s)"; "upon information and belief, Defendant Fenwick Protective, Inc. had gross operating revenues in excess of $500,000.00"; and "Defendant Fenwick Protective, Inc. employed two or more persons." *Id.* at ¶ 6. During their employment, Plaintiffs alleged that they "were individually engaged in commerce and their work was essential to Defendants' business." *Id.* at ¶ 7. Plaintiffs claim that they worked more than forty hours per week and that Defendants did not pay them time-and-a-half for their overtime hours. *See id.* at ¶¶ 10, 11. Plaintiffs also allege that Defendants willfully violated their overtime rights under the FLSA. *See id.* at ¶ 12. Plaintiffs request that the Court hold Defendants jointly and severally liable for damages. *See id.* at 4.

FPI, a corporation, failed to appear by and through counsel. Dkt. No. 24 at 4. Fenwick failed to respond to discovery requests or otherwise engage in this case. Dkt. No. 45 at 10. Therefore, the Court ordered that Defendants were in default, directed the Clerk of Court to enter default against them; and struck their Original Answer to Plaintiffs' First Amended Complaint, [Dkt. No. 7]. *See* Dkt. Nos. 26 & 48. The Court also ordered Plaintiffs to move for default judgment against Defendants. *Id.* Soon after the Clerk entered default against Defendants, *see* Dkt. Nos. 27 & 49, Plaintiffs filed their Motions pursuant to the Court's orders, *see* Dkt. Nos. 30 & 55. To support their requests for damages, costs, and fees, Plaintiffs submitted declarations, made under penalty of perjury, from Henderson and LaRue and an affidavit from Douglas B. Welmaker, Plaintiffs' attorney of record. *See* Dkt. Nos. 30-1, 30-2, 30-3, 55-2, 55-3, & 55-4.

**Legal Standards**

As United States District Judge Barbara M.G. Lynn recently explained,

> Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).
>
> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's

> office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). Accordingly, to obtain a default judgment, Plaintiffs must establish that (1) a default was entered against Defendants;(2) Defendants are neither minors nor incompetent people; (3) Defendants are not in military service and not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) Defendants were provided with notice of the Motions for default judgment. *See id.* at *2. Plaintiffs also must make a *prima facie* showing of jurisdiction. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001). Entry of default judgment is completely within the Court's discretion. *See Lindsey,* 161 F.3d at 893.

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "Put another way, '[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Id.* (quoting *Nishimatsu Constr.*, 515 F.2d at 1206). There must also be a sufficient basis in the pleadings for the judgment requested. *See id.* at 496-98. Federal Rule of Civil Procedure 8(a)(2) "requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this

-4-

requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* at 498 (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks omitted). "[D]etailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

"A default judgment does not establish the amount of damages." *Crawford v. Lee*, No. 3:10-cv-1499-L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011). "A defendant's default concedes the truth of the [well-pleaded] allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex, Oct. 5, 2011). Plaintiffs bear the burden to bring forth competent evidence in support of the damages that they seek. *See Halff Assocs., Inc. v. Warner Pac. Props. L.L.C.*, No. 3-08-cv-574-B, 2008 WL 3874673, at *2 (N.D. Tex. Aug. 13, 2008). To meet this burden, Plaintiffs may submit affidavits and declarations to provide an evidentiary basis for the damages they seek. *See id.*; *Gomez v. Managing Innovation & Tech., Inc.*, 3:14-cv-936-M, 2015 WL 6150905, at *2 (N.D. Tex. Oct. 15, 2015) (court relied on Plaintiff's declaration and attorney affidavit to establish FLSA damages and fees).

A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a

liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (internal quotation marks omitted). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993).

## Analysis

<u>Availability of Default Judgment</u>

The prerequisites for entering a default judgment are satisfied as to both Defendants. First, the Clerk of the Court has entered default against each Defendant. *See* Dkt. Nos. 27 & 49.

Second, FPI is a corporation and, therefore, cannot be a minor, an incompetent person, or active in military service. *See* Dkt. No. 30 at ¶¶ 5-6; *see also* FED. R. CIV. P. 55(b)(2); 50 App. U.S.C. § 521(a), (b)(1)(A)-(B). Likewise, Fenwick is neither a minor, incompetent person, or an active military serviceman. *See* Dkt. No. 55 at ¶¶ 5-6; *see also* Dkt. No. 55-1 at ¶ 3.

Finally, on June 23 and October 9, 2015, Plaintiffs served their Motions on Defendants. *See* Dkt. Nos. 30 & 55.

<u>Jurisdiction</u>

Plaintiffs have also sufficiently shown that the Court has jurisdiction over this matter. The Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. §216(b), because this is a FLSA action. *See* Dkt. No. 6 at ¶ 5.

Plaintiffs also allege that Defendants are Texas citizens over whom the Court has personal jurisdiction. *See id.* at ¶¶ 3-4.

Liability

Plaintiffs have sufficiently pleaded their claims and are entitled to a default judgment as to Defendants' FLSA liability.

The FLSA establishes minimum wage and overtime compensation requirements for covered employers. *See* 29 U.S.C. §§ 206, 207. "An employer who violate[s] these provisions [can] be held civilly liable for backpay, liquidated damages, and attorney's fees." *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516 (2014). As to overtime, the FLSA provides that "no employer shall employ any of his employees ... employed in an enterprise engaged in commerce ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA generally requires an employee to pay overtime compensation (at a rate of one and one-half times the regular rate of pay) to an employee after he has worked over forty hours in one week. 29 U.S.C.A. § 207(a). An employee who sues for unpaid overtime under the FLSA has the burden of proving that he or she performed work for which he or she was not properly compensated. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds as explained in Busk*, 135 S. Ct. at 516-17. "When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the

employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises." *Id.* at 687.

To sufficiently plead a case for unpaid overtime compensation under the FLSA, Plaintiffs must allege that: (1) an employer-employee relationship existed with Defendants during the unpaid overtime periods claimed; (2) they engaged in activities within the coverage of the FLSA; and (3) Defendants violated the FLSA's overtime wage requirements. *See Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

As to the first element, each Plaintiff must establish that each defendant was his or her "employer" within the meaning of the FLSA. *See* 29 U.S.C. §§ 206(a), 207(a).

As to the second element (FLSA coverage), each Plaintiff must prove that he was an employee "engaged in commerce or in the production of goods for commerce" (so-called "individual coverage") or "employed in an enterprise engaged in commerce or in the production of goods for commerce" (so-called "enterprise coverage"). *Id.* As to enterprise coverage, the FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that "(A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." *Id.* § 203(s)(1). As to individual coverage, the FLSA does not define what it means for an employee to be "engaged in

commerce," but the Fifth Circuit has adopted a" practical test" for making such a determination, which asks "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curium) (internal quotation marks omitted).

Plaintiffs satisfy the first requirement by alleging that they were employed by FPI, when they did not receive their earned overtime pay and, as discussed below, alleging that Fenwick was also their employer for FLSA purposes. *See* Dkt. No. 6 at ¶¶ 4, 11.

As to the second element, Plaintiffs also allege that they were engaged in commerce, as required for individual coverage. *See id.* at ¶ 7. They also adequately allege, for purposes of Rule 8(a) and 55, that FPI is covered by the FLSA under an enterprise coverage theory. *See id.* at ¶ 6.

As to the third element, Plaintiffs allege that Defendants violated the FLSA's overtime wage requirements by not paying them time-and-a-half for the times that they worked more than forty hours in a work week. *See d.* at ¶¶ 9-11; 29 U.S.C. § 207(a)(1). Plaintiffs' allegations entitle them to a default judgment as to Defendants' FLSA liability. *See Johnson*, 758 F.3d at 630; *Wooten*, 788 F.3d at 496.

Plaintiffs also allege that Defendants willfully violated the FLSA, which expands their limitations period from two to three years. *See* 29 U.S.C. § 255 (a) (FLSA actions "shall be forever barred unless commenced within two years after the cause of action

accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."). Henderson filed suit on February 10, 2014. *See* Dkt. No. 1. He may therefore recover on all unpaid overtime wages earned from February 10, 2011 through October 21, 2012. LaRue filed his suit on April 1, 2014, *see* Dkt. No. 6, so he can recover unpaid overtime wages earned from April 1, 2011 until February 2013.

<u>Damages, Fees, Costs, and Interest</u>

Plaintiffs are entitled to default judgment as to their damages, fees, and postjudgment interest but cannot recover all of their requested costs or any prejudgment interest.

**Damages**

Time sheets, pay stubs, and work logs can substantiate claims for unpaid overtime compensation under the FLSA, but Defendants did not participate in discovery, *see* Dkt. No. 45 at 9, so Plaintiffs may not be able to retrieve these documents. Instead, Plaintiffs submit declarations, made under penalty of perjury, to establish their damages. The undersigned concludes that Plaintiffs' declarations are sufficient proof of their damages. *See Gomez*, 2015 WL 6150905, at *2 (Plaintiff's declarations may establish damages). Further, the damages set forth in Plaintiffs' declarations are capable of mathematical calculation. Therefore, the Court need not conduct a hearing to determine the amount of damages pursuant to Rule 55(b)(2).

Henderson's declaration establishes that he was paid an hourly rate of $11.10 during his employment with Defendants. *See* Dkt. No. 30-1 at ¶¶ 2-3; Dkt. No. 55-2 at

¶¶ 2-3. Therefore, Henderson's overtime premium was $5.55 per overtime hour. *See* Dkt. No. 30-1 at ¶ 4; Dkt. No. 55-2 at ¶ 4. Henderson declares that he worked a total of 95 hours for Defendants each week, which included 55 hours of overtime. *See* Dkt. No. 30-1 at ¶ 3; Dkt. No. 55-2 at ¶ 3. Henderson also declares that Defendants only paid him straight time for his overtime hours. *See id.* Henderson may recover unpaid overtime that he earned from February 10, 2011 through October 21, 2012, which consists of 87 weeks. *See id.* The Court may determine Henderson's unpaid overtime compensation by multiplying his overtime premium of $5.55 by his 55 hours of weekly overtime and the 87 weeks in his recovery period. This calculation establishes that Henderson is entitled to actual damages for unpaid overtime totaling $26,556.75. *See* Dkt. No. 30-1 at ¶ 4; Dkt. No. 55-2 at ¶ 4.

LaRue's declaration establishes that he was paid an hourly rate of $11.11 during his employment with Defendants. *See* Dkt. No. 30-2 at ¶¶ 2-4; Dkt. No. 55-3 at ¶¶ 2-4. Therefore, LaRue's overtime premium was $5.56 per overtime hour. *See* Dkt. No. 30-2 at ¶ 4; Dkt. No. 55-3 at ¶ 4. LaRue declares that he worked a total of 72 hours every week, which includes 32 hours of overtime. *See* Dkt. No. 30-2 at ¶ 3; Dkt. No. 55-3 at ¶ 3. LaRue also declares that Defendants only paid him straight time for his overtime hours. *See id.* LaRue may recover unpaid overtime he earned from April 1, 2011 to February 12, 2013, which consists of 97 weeks. *See id.* The Court may determine LaRue's unpaid overtime compensation by multiplying his overtime premium of $5.56 by his 32 hours of weekly overtime and the 97 weeks in his recovery period. This

calculation establishes that LaRue is entitled to actual damages for unpaid overtime totaling $17,258.24. *See* Dkt. No. 30-2 at ¶ 4; Dkt. No. 55-3 at ¶ 4.

Plaintiffs also seek liquidated damages pursuant to 29 U.S.C. § 216(b), which provides that employees may recover, in addition to their unpaid wage and overtime compensation, an equal amount of liquidated damages for a violation of Section 207. "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). Because Plaintiffs sufficiently alleged their entitlement to unliquidated damages and Defendants have not responded or sustained their burden of showing that their failure to obey the FLSA was in good faith, the Court should award Plaintiffs liquidated damages.

**Attorneys' Fees**

Plaintiffs seek attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). Under the FLSA, an employer who violates the statute is required to pay attorneys' fees and costs in addition to any judgment awarded to the plaintiff. *See* 29 U.S.C. 216(b). Having established, through default, that Defendants are liable under the FLSA, Plaintiffs have shown that they are entitled to attorneys' fees and costs.

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) ("[W]e use the lodestar method to calculate an appropriate attorney's fee award under the FLSA."). The lodestar is calculated by

multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan,* 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

Plaintiffs seek $9,965.00 in attorneys' fees for a total of 29.6 hours of work performed by attorneys Douglas Welmaker and Benjamin Michael. Plaintiffs submit an affidavit from Welmaker to establish their request for fees. Dkt. Nos. 30-3 & 55-4; *see Gomez*, 2015 WL 6150905, at *2 (relying on attorney's affidavit to establish FLSA fees). According to the Welmaker Affidavit, Welmaker has an hourly billing rate of $400.00, and Michael has an hourly billing rate of $250.00. *See* Dkt. No. 30-3 at ¶¶ 6, 8, 9; Dkt. No. 55-4 at ¶¶ 6, 8, 9. Although Welmaker has not attached his billing records, his affidavit affirms that he expended 17.1 hours reviewing Plaintiffs' files and documents, performing legal research, preparing and filing pleadings, reviewing and responding to dispositive motions, preparing discovery, and conferring with Plaintiffs.

*See* Dkt. No. 30-3 at ¶ 7; Dkt. No. 55-4 at ¶ 7. Welmaker's affidavit also swears that Michael expended 12.5 hours assisting in legal research, reviewing documents, and communicating with Plaintiffs about the litigation. *See* Dkt. No. 30-3 at ¶ 6; Dkt. No. 55-4 at ¶ 6.

Welmaker affirms that he has been licensed to practice in the State of Texas and has practiced exclusively in the area of labor and employment law since 1993. *See* Dkt. No. 30-3 at ¶¶ 3-4; Dkt. No. 55-4 at ¶¶ 3-4. Welmaker also affirms that he represents plaintiffs in FLSA cases throughout Texas and in the Northern District of Texas. *See* Dkt. No. 30-3 at ¶ 5; Dkt. No. 55-4 at ¶ 5. In his affidavit, Welmaker states that his hourly rate of $400.00 is customarily charged by attorneys with his reputation, skill, and experience and that courts in the Northern District of Texas and other federal courts have previously awarded him this rate. *See id.* Welmaker also swears that Michael is an attorney in Austin, Texas and has practiced in the area of labor and employment law since 2014. *See* Dkt. No. 30-3 at ¶ 6; Dkt. No. 55-4 at ¶ 6.

Under the particular circumstances here, the undersigned finds that both Welmaker and Michael's rates are consistent with the prevailing rates in Dallas County for attorneys with their respective experience, skill, and ability. Therefore, the undersigned concludes, based on the information and record, including Welmaker's Affidavit, that the requested hourly rates of $400.00 and $250.00 are reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL

1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The Court finds the appropriate lodestar here to be calculated as 17.1 hours for Welmaker at $400.00 an hour ($6,840.00) and 12.5 hours for Michael at $250.00 an hour ($3,125.00), for a total of $9,965.00. The undersigned notes that the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Here, Plaintiffs do not seek an enhancement of their attorneys' fees, and there are no other exceptional circumstances.

**Costs**

Plaintiffs also seek recovery of their costs incurred in connection to this matter. *See* Dkt. No. 30 at ¶ 10; Dkt. No. 55 at ¶ 10. Welmaker's affidavit enumerates Plaintiffs' costs at $618.50. *See* Dkt. No. 30 at ¶ 9; Dkt. No. 55 at ¶ 9. This amount consists of $400.00 for filing fees; $125.00 for process serving; $79.50 for Texas Workforce Commission requests (research); and $14.00 for Secretary of State searches (research). *See id.* But Plaintiffs are limited to the categories of costs recoverable under 28 U.S.C. § 1920. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). Section 1920 does not permit recovery of costs for process serving or research. *See Gomez*, 2015 WL 6150905, at *2. Accordingly, the Court should award Plaintiffs only $400.00 in costs for filing fees.

**Interest**

Plaintiffs are not entitled to their request for prejudgment interest. *See* Dkt. No. 6 at 4. Prejudgment interest is not available for FLSA claims, like Plaintiffs', that seek

compensation for unpaid overtime wages and liquidated damages. *See* 29 U.S.C. § 216; *Knowlton v. Greenwood Indep. Sch. Dist.*, 957 F.2d 1172, 1183 (5th Cir. 1992). Therefore, the Court should not award prejudgment interest on Plaintiffs' damages.

But Plaintiffs are entitled to post-judgment interest. "[I]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and that such "interest shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Plaintiffs are entitled to an award of post-judgment interest at the rate published for the week ending prior to the date of judgment until the date paid. *See id.* § 1961(b). The Court should award post-judgment interest on the date that it enters judgment.

Joint and Several Liability

The "overwhelming weight of authority" holds that an employer is jointly and severally liable under the FLSA for unpaid wages. *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984); *see also Lee v. Coahoma Cty., Miss.*, 937 F.2d 220, 226 (5th Cir. 1991) ("If an individual with managerial responsibilities is deemed an employer under the FLSA, the individual may be jointly and severally liable for damages resulting from the failure to comply with the FLSA."), *modified on other grounds*, 37 F.3d 1068 (5th Cir. 1993); *Moreno v. Edcare Mgmt.*, 243 F.R.D. 258, (W.D. Tex. 2007) ("All entities that are employers within the meaning of the FLSA are jointly

and severally liable for all damages that stem from failure to comply with the provisions of the FLSA.") (citing cases).

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 209(d). The United States Court of Appeals for the Fifth Circuit has explained that the "remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989). Accordingly, the Fifth Circuit has approved use of the "economic realities" test to determine who is an employer under the FLSA. *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams*, 595 F.3d at 620). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Id.* at 357.

Here, Plaintiffs allege that Fenwick at all times relevant to this claim acted directly or indirectly in the interest of FPI, in relation to Plaintiffs' employment, and was substantially in control of the terms and conditions of Plaintiffs' work. *See* Dkt. No. 6 at ¶ 4. This allegation, which has been proven through the default of Defendants,

is sufficient to establish that Fenwick is an employer as defined by the FLSA. *See* 29 U.S.C. § 203(d); *Wooten*, 788 F.3d at 496.

Because Fenwick is an employer under the FLSA, the Court should hold him jointly and severally liable with FPI for Plaintiffs' FLSA damages.

**Recommendation**

The undersigned recommends that the Court grant Plaintiffs' Motions for Default Judgment [Dkt. Nos. 30 & 55] and enter a default judgment against Defendants Robert Fenwick and Fenwick Protective, Inc.

The Court should order that Plaintiffs Erik Henderson and Matthew LaRue are entitled to have and recover of and from Defendants Robert Fenwick and Fenwick Protective, Inc. as follows:

(1) Plaintiff Erik Henderson should recover from Defendants Robert Fenwick and Fenwick Protective, Inc., jointly and severally, $26,556.75 in unpaid overtime compensation;

(2) Plaintiff Matthew LaRue should recover from Defendants Robert Fenwick and Fenwick Protective, Inc., jointly and severally, $17,258.24 in unpaid overtime compensation;

(3) Plaintiff Erik Henderson should recover from Defendants Robert Fenwick and Fenwick Protective, Inc., jointly and severally, $26,556.75 in liquidated damages;

(4) Plaintiff Matthew LaRue should recover from Defendants Robert Fenwick and Fenwick Protective, Inc., jointly and severally, $17,258.24 in liquidated damages;

(5) Plaintiffs Erik Henderson and Matthew LaRue should jointly recover from Defendants Robert Fenwick and Fenwick Protective, Inc., jointly and severally, their reasonable and necessary attorneys' fees in the amount of $9,965.00 and costs in the amount of $400.00; and

(6) All sums awarded above should bear post-judgment interest at the applicable rate until paid.

The Clerk of Court is DIRECTED to serve a copy of these Findings, Conclusions, and Recommendation of the United States Magistrate Judge on Defendants Robert Fenwick and Fenwick Protective, Inc. via certified mail, return receipt requested, at 612 N. Story Road, Suite 102, Irving, TX 75061.

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 23, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE